**Galina HENKIN, Plaintiff–Appellant,**

v.

**FOREST LABORATORIES, INC.,
Defendant–Appellee.**

No. 03–7512.

United States Court of Appeals,
Second Circuit.

March 9, 2004.

Galina Henkin, New York, NY, for Appellant, pro se.

Peter J. Venaglia, Dornbush, Mensch, Mandelstam & Schaeffer, LLP, New York, NY, for Appellee.

Present: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Galina Henkin ("Henkin"), *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ) entered on March 11, 2003 granting summary judgment in favor of Defendant–Appellee Forest Laboratories, Inc. ("Forest"). We assume familiarity with the facts of this case, its procedural context, and the issues that have been raised for appellate review. For substantially the reasons stated in the District Court's detailed opinion of March 5, 2003, we affirm. *See Henkin v. Forest Labs., Inc.,* 2003 WL 749236 (S.D.N.Y., Mar.5, 2003).

We review *de novo* the District Court's grant of summary judgment. *Boule v. Hutton,* 328 F.3d 84, 90 (2d Cir.2003); *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 91 (2d Cir.2001). To establish a discrimination claim under Title VII or the ADEA, a plaintiff must first make out a *prima facie* case of discrimination. *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 466 (2d Cir.2001). When a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the adverse employment action at issue. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Forest has satisfied its burden by presenting evidence of Henkin's poor job performance and violations of laboratory policies. While Henkin claims that this explanation is pretextual, she has failed to produce admissible evidence "sufficient to allow a rational factfinder to infer that the employer was actually motivated in whole or in part by" impermissible discrimination. *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 560 (2d Cir.1997); *see also Brennan v. Metro. Opera Ass'n, Inc.,* 192 F.3d 310, 316–17 (2d Cir.1999).

We have considered Henkin's remaining claims and find them to be without merit. For the foregoing reasons, the judgment

of the District Court is hereby AF-
FIRMED.